UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL NO. 1:07CR118

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>DENNIS CLARY, )<br>)<br>Defendant. )<br>_____ ) | PRELIMINARY<br>ORDER OF FORFEITURE |

**IN ACCORDANCE WITH** Rule 32.4(A), Local Criminal Rules of the Western District of North Carolina, and as a result of the guilty plea of the defendant to the violations stated in the single Count of the Bill of Information, for which the United States sought forfeiture pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461(c), 18 U.S.C. § 981, 18 U.S.C. § 1955, and 18 U.S.C. § 1956(c)(7), the defendant shall forfeit to the United States all property constituting or derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations; and/or all property used or intended to be used in any manner or part to commit or facilitate the commission of the violations.

The Court has determined, based on the Bill of Information and the guilty plea of the defendant, that the below-described property is subject to forfeiture pursuant to 18 U.S.C. § 982, 18 U.S.C. § 1955, and Fed. R. Crim. P. 32.2(b) and that the government has established the requisite nexus between such property and such violations.

It is therefore ORDERED:

1. The following property is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n):

– 104 Gidney Street, Shelby, North Carolina, Cleveland County Deed Book 1448, Page 716,

– 338 Old Stubbs Road, Shelby, North Carolina, Cleveland County Deed Book 15N, Page 410.

2. The Attorney General (or his designee) is authorized to seize the forfeited property subject to forfeiture; to conduct any discovery proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights. Fed. R. Crim. P. 32.2(b)(3).

3. Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish three times in a newspaper of general circulation, notice of this order and of its intent to dispose of the property in such manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendants, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. §§ 853(n)(2) and (3).

5. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. This Preliminary Order of Forfeiture shall become final as to the defendants at the time of sentencing and shall be made part of the sentence and included in the judgement. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Upon adjudication of third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2).

8. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Signed: January 28, 2008

Dennis L. Howell
United States Magistrate Judge